IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ASHLEY TRIMBLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-2024-JAR-GEB |
| | ) |
| PHK STAFFING, a/k/a HOLLYWOOD | ) |
| CASINO AT KANSAS SPEEDWAY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER GRANTING MOTION TO COMPEL
## AND ORDER TO SHOW CAUSE

This matter is before the Court on Defendant's Motion to Compel Plaintiff's Discovery Responses and To Show Cause (**ECF No. 23**). For the reasons set forth below, the motion is **GRANTED**.

This employment discrimination case was filed in Wyandotte County District Court on December 3, 2019 and removed to this federal court on January 13, 2020. A schedule was entered to govern the matter in March (Scheduling Order, ECF No. 15) and in April, Plaintiff sought a stay of deadlines. (Motion, ECF No. 16.) At that time, Plaintiff's counsel, Albert Kuhl, represented that Plaintiff was experiencing a period of homelessness, and this along with the COVID-19 pandemic creating complications for both parties caused this Court to extend all deadlines for 60 days. (Revised Scheduling Order, ECF No. 17.)

1

Following the revisions to the schedule, Mr. Kuhl sought to withdraw from representation of Plaintiff. Given Plaintiff's homelessness, Mr. Kuhl was unable to maintain contact with her, and all efforts to do so had failed. Plaintiff neither returned Mr. Kuhl's communications nor sought to contact him. (Motion, ECF No. 18.) After review of the briefing and after a motion conference (ECF No. 21), the Court permitted Mr. Kuhl's withdrawal (Order, ECF No. 24).

Defendants now seek an order compelling Plaintiff to respond to Defendant's written discovery, including Defendant's First Set of Interrogatories and First Set of Requests for Production of Documents. (Motion, ECF No. 23.) Defendant served the discovery requests on Plaintiff on March 2, 2020. However, due to Mr. Kuhl's inability to reach his client, counsel was unable to respond to the discovery requests. (*Id.*) As a part of the Court's Revised Scheduling Order, Plaintiff's deadline to respond to the discovery requests was also postponed; however, Mr. Kuhl remained unable to contact his client and unable to respond to the requests. (*See* Motion to Withdraw, ECF No. 18; Motion to Compel, ECF No. 23.) The latest agreed extension on the discovery responses was June 8, 2020, and to date, Plaintiff has not responded.

Defendant's Motion to Compel Discovery was filed on July 20, 2020. As part of the Order granting Mr. Kuhl's withdrawal, Mr. Kuhl was directed to send Plaintiff a copy of the motion to compel. (ECF No. 24.) Mr. Kuhl certified he did so on July 22, 2020. (ECF No. 25.) To date, Plaintiff has not responded to Defendant's motion.

Pursuant to D. Kan. Rule 6.1(d), Plaintiff's failure to file a response within the time required under that rule constitutes a waiver of the right to later file such a response. Additionally, D. Kan. Rule 7.4 provides that where a party fails to file a response within the time required by Rule 6.1(d), "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Therefore, the Court **GRANTS** Defendant's motion to compel discovery (**ECF No. 23**) as unopposed. No later than **October 30, 2020,** Plaintiff must respond completely and fully to Defendant's First Set of Interrogatories and First Set of Requests for Production of Documents.  Because Plaintiff failed to serve any timely objections to either the interrogatories or requests for production, all objections are deemed waived; therefore, no objections may be asserted.[1]

In addition to requiring Plaintiff to respond to discovery, because the Court granted Defendant's motion to compel it is obliged to address the issue of sanctions under Fed. R. Civ. P. 37(a)(5)(A). Under this Rule, if a motion to compel discovery is granted, the court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in

---

[1] *Brackens v. Shield*, No. 06-2405-JWL-DJW, 2007 WL 2122428, at *1 (D. Kan. July 20, 2007) (noting "It is well settled that in the absence of good cause to excuse a failure to timely object to interrogatories or requests for production of documents, all objections not timely asserted are waived.") (citing *Bradley v. Val–Mejias,* No. 00–2395–GTV, 2002 WL 1249339, at *4 (D.Kan. Oct. 9, 2001); *Starlight Int 'l Inc. v. Herlihy,* 181 F.R.D. 494, 496 (D.Kan.1998) (quoting Fed. R. Civ. P. 33(b)(4) ("untimely objections are 'waived unless the party's failure to object is excused by the court for good cause shown.' ").

making the motion, including attorney's fees," unless certain circumstances make an award of expenses unjust.[2]

To permit Plaintiff the opportunity to be heard prior to the imposition of any sanctions,[3] the Court **ORDERS** Plaintiff Ashley Trimble to **show cause in writing** through a pleading filed with this Court on or before **October 30, 2020**, why she should not be required to pay the reasonable expenses incurred by Defendant in filing its motion to compel, including attorney's fees. If the Court determines such sanctions should be imposed, it will establish a briefing schedule for the purpose of calculating the amount of reasonable fees.

Furthermore, Plaintiff is notified that her failure to respond to this motion may result in additional sanctions, up to and including a recommendation to the District Judge that this case be dismissed under Fed. R. Civ. P. 37(b)(2)(A)(v).

This Notice and Order shall be transmitted to Plaintiff Ashley Trimble by email to actrimble88@gmail.com as listed on the docket, given this is the only available contact information at this time.[4]

---

[2] Fed. R. Civ. P. 37(a)(5)(A)

[3] *See Brackens*, 2007 WL 2122428 at *1-*2 (discussing how the Court may consider written submissions to be a proper method of allowing the party an opportunity to be heard) (citing *McCoo v. Denny's, Inc.,* 192 F.R.D. 675, 697 (D.Kan.2000) (citing Fed. R. Civ. P. 37(a)(4)); also citing *Fears v. Wal–Mart Stores, Inc.,* No. 99–2525–JWL, 2000 WL 1679418, at *6 (D. Kan. Oct. 13, 2000)).

[4] As a litigant, Plaintiff has a duty to update the Court with her address and phone number. Any notice mailed to the last address of record is sufficient notice. D. Kan. Rule 5.1.

**IT IS SO ORDERED.**

Dated this 30th day of September, 2020.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
